First case of the morning, call 213-0810, Lincoln State v. Otis E. Boose. On behalf of the AFL-I, I'm Jessica Lynn Arizo. On behalf of the AFL-E, Kathryn E. Coles. Thank you, Mr. Arizo. May it please the Court, again Jessica Arizo on behalf of Mr. Otis Boose. Now this Court has previously remanded this case for a preliminary crankle inquiry, where no inquiry whatsoever was held, despite the fact that Mr. Boose had made allegations of ineffective assistance of trial, ineffective assistance of counsel after trial. However, on remand, rather than having a preliminary inquiry, it went before a different judge, who essentially had an adversarial hearing, with extensive input by the State, upon which the judge relied. Did the Court also say, though, that his review of the record, not just input from the State, but his independent review of the record, revealed that the defendant's claims had no merit? However, the fact that the record itself is not clear enough to give an accurate opinion of whether the issue had merit or not, given the issue, for example, whether or not the defense counsel failed to investigate these witnesses, the record is unclear what the witnesses would have said, because counsel never spoke to the witnesses, never contacted them. But based upon what was represented by the defendant himself, I mean, the defendant was allowed to talk, correct? Well, he was allowed to speak initially, and he spoke about each of the issues. However, then once the State was participating and the defense counsel was participating, he tried to argue in response to defense counsel's arguments, and he was shut down, and he wasn't allowed to respond. Let's forget about what defense counsel was saying and what did the record show with respect to whether or not that claim, for example, the tape, the phone conversation, what merit did it have? What possible defense would that have? In the best-case scenario, what defense was there? Necessity? Oh, are you talking about for the count of? Yeah, the other witnesses, right. Well, there are two counts that he was convicted of that we have to keep in mind. He was convicted not just of going to her house, but also a phone contact charge. He wasn't allowed to have any contact under the order of protection, so one of his convictions was that he called her on the phone. So those witnesses would go to that count. He would – it's, again, it was unclear because it all didn't come out, but the idea being that the witnesses would be able to state that she called him and not that he called her. And all we have for the evidence that he called her was the police officer saying that he looked at the phone, but he didn't explain how he knew whose numbers was whose, things like that. So if she called him and not vice versa, then that charge is not proven. Well, didn't she say something about she didn't get in touch with him because they couldn't have shown he was in the house or something like that with them, that he had stepped out or something? What was her reason for not contacting them? For not contacting? Those two witnesses. Oh, I'm sorry. She said two different things. First, she said that he did not give her an address. However, he had been to their home to help them with a plumbing issue, so he knew where they lived. I mean, I don't know the addresses of all of my friends, but I could tell you how to get to their house. But then, aside from that, she also said that they wouldn't have helped. But she never contacted them. She never talked to them. How would she know for sure that they wouldn't have helped the case? And what about the phone call from the jail or to the jail? Or wasn't there something about that phone call? Was there a phone call at the jail? Well, it's unclear. Mr. Booth was trying to make an argument that there was a voicemail tape that was not presented into evidence that would have been from her to him. However, he didn't get to explain this fully as the state interrupted and started talking about a different voicemail, a tape from the ñ or not voicemail even, a recording from the jail of him calling her, something completely different than what he was even trying to raise in his issue. So I don't know what was on that voicemail. What if that was from that day? Was that a voicemail of her calling him that day that would, again, go to show that she called him that day and not vice versa? We don't know because, again, he was cut off and not able to fully explain. The state interjected and tried to argue that it was not ineffective. Is that what you're saying? The state completely talked about a different tape. That was the problem on that issue. That's where they said it might have given rise to a new account. Right, right. And then, yeah, then they went on and, again, went on talking about things that shouldn't have been relevant at all at that point. Well, is the problem here that the state tried to assist the judge in finding, since he was not the trial judge, assist him in direction because the pro se defendant was not clear, or was it the state was arguing? The state was arguing. This was not just factual responses. This was not just interjecting small amounts of participation in order to aid the judge. This was giving explanations for why the defendant may have done something. This was giving explanations for why defense counsel may have done something. This was the prosecutor giving her opinion of things, her recollection of things. This was not just facts. This was, you know, this issue about whether this juror should have been dismissed and interjecting that, well, I think that the defendant did want this juror because he was African American. Well, that's not just factual. That's speculation. That's, again, and Mr. Booth was not even allowed to respond to that claim. So this was far more than just facts. This was argument. Now, the state here in their brief has conceded that the inquiry itself was an error but argues that it was harmless, citing to people be jolly. However, here we're, as I discussed, the preliminary inquiry was not fair. He was not permitted to speak in response to all of these interjections by the state. It cannot possibly be harmless. Further, well, in this preliminary process, there is no specific, I think that was discussed in fields, there is no real specific procedure that's been set out for this preliminary. It's, in a lot of ways, very subject to the judge's discretion, what questions, but isn't the idea of the preliminary examination that the defendant, the pro se defendant, should come forward and say, these are my problems, and then sit down? Well, if it happened correctly, then that would have been the situation, and I think that the judge should have found a showing of neglect in this case and moved it on to the next step. Instead, what happened was a complete hearing where the judge heard way more information that may or may not have been true. The judge, the defendant was not allowed to respond to any of this, so it was not a proper decision to decide whether to move on and get counsel. It was an entire hearing without the aid of counsel on behalf of defendant, and the judge made the decision based on all of this rather than just these preliminary claims in his pro se document. Were witnesses sworn in this particular proceedings? Not that I'm aware of. Were they sworn in the Jolly case? Wasn't the attorney sworn? I believe the defense counsel was sworn in that case, yes. Also regarding the Jolly case, that case is factually distinguishable as well in terms of the hearing. The judge there, I mean, sorry, the defendant there acknowledged he was able to express all of the issues that he had. He was able to get out all of his claims. It was more of a fair and impartial judge in that case, whereas in here the judge was relying on the things that the state was saying. Also, the claims in the Jolly case weren't as strong as the claims here. They were the defense counsel failed to impeach a witness and they failed to discuss trial strategy with the defendant, but the defendant never asked the attorney to discuss the trial strategy with them, and there's no case law that that would have been a viable claim. Here we have a showing of possible neglect for failing to investigate and contact witnesses. That should have moved this case on to the appointment of counsel and a full hearing with counsel representing him. You're arguing that harmless error doesn't apply in this particular case. Does harmless error apply generally in this situation? I don't think that we could say that there would be a situation or there could not be a situation where it wouldn't be harmless. If it was state participation but the interaction was fair, the defendant was able to speak, the defendant's claims were very clearly rebutted by the record. There was no more information you could get. Is this a critical stage of the proceedings? I believe so. So what you're saying is that you could have harmless error where the defendant is unrepresented in a critical stage of the proceedings without waiving his right to counsel. Well, I think that, like I said, in some cases it could be harmless. In this case, certainly it's not. For example, the argument about speedy trial, the state says that there was an agreed motion. If you look at the record and you see the order that it was agreed, the state's input is harmless. Right. Because a court could determine that that would be that situation, correct? Right, yes. A case like that, like I said, if it's very obvious from the record that there's nothing else to look up, there's no more questions to be asked, no more witnesses to talk about, nothing else to figure out, it's an order in the record. In that situation, no. It's your position that we should not send it back for a quote-unquote crankle hearing but order new counsel appointed. Do you think that the defendant's representations of what we can glean from the record was sufficient to show that some of his claims had merit? Right. We would be asking that this go back not for another preliminary inquiry but a crankle hearing with appointment of counsel because we do think that despite the sort of adversarial nature of this initial hearing that there was a showing that enough of a showing to move it on to the next stage. Well, we didn't do that in the field, so why would we do that here? Yeah, I understand. Like I said, here the record, if you look at the record and you think about had the judge had just the claims and not all of this extra participation, it is enough of a showing. This court could determine that that is enough of a showing that it should have moved on. I mean, at the very least, if this court does remand for another preliminary inquiry, we would ask that it be before a different judge. And this judge has heard too much at this point to make a unbiased preliminary inquiry ruling. What if it goes back to Judge Bukoniak who didn't acknowledge the hearing anyway? I mean, he didn't have the hearing, but he might have some knowledge that Judge Boris didn't have. I think that would have been fine. And I'm unclear from the record why that didn't happen initially. That would have made more sense. He would have had an understanding of what happened at trial. It's a bigger picture of what exactly is going on. That would be, I think, fair if it did go back in front of him. Because I believe that he acknowledged that he didn't hold the preliminary inquiry only because it was a mistake. But he intended to, and it just didn't happen. So he had intended to, and for some reason they missed it. But if it were to go back in front of him, I think there would be a much more potential for a much more fair hearing than before the judge who's already heard this adversarial proceeding. Are there any further questions? Okay. If there are no other questions, again, we would ask that this be remanded for a Franco hearing and the appointment of counsel or, at the very least, new preliminary inquiry before a different judge. Thank you. Thank you, counsel. You may have time for rebuttal argument. Thank you. Ms. Coles, you may proceed. Good morning, Your Honors. Catherine Coles on behalf of the people, counsel. Here the defense counsel's correct that the state did a little too much in the Krinkle inquiry, and this was an error. But this is a harmless error because the defendant has not presented any colorable claims of ineffective assistance of counsel, which would require this to have an evidentiary hearing. And so this court should affirm, pursuant to Jolly, that this was harmless error because all of the claims that defense has made for ineffective assistance of counsel are not valid, and we can determine this based on the record before us. You would agree that this is a critical stage of the proceedings, correct? Correct. And counsel or the defendant was unrepresentative this hearing? Correct. And he did waive counsel? Correct. But at this stage, the court was determining whether he needed counsel for an evidentiary hearing as part of the Krinkle inquiry, and at this stage he determined that the defendant did not need additional conflict counsel for an evidentiary hearing because the defendant did not present any colorable claims of ineffective assistance. Counsel points out some areas where the defendant was arguing and then the state jumped in, and then the defendant was never given an opportunity to reply to what the state said. In fact, one instance apparently, according to counsel's argument, the state was arguing about something totally different than what the defendant was arguing about. And with regard to that phone voicemail, I did not find anything in the record that indicated that this voicemail existed, and I believe that the state was saying this because the only tape that existed in the record was the tape from the jail. Further, any voicemail that the victim left for the defendant would not have mattered to this charge because the defendant was not allowed to contact the victim. It didn't matter what the victim did or didn't do. The defendant just was not allowed to make a phone call to her. He was not allowed to go to her house pursuant to this order of protection. And the evidence showed at trial not only by the cop but also by the victim, Ms. Davis. She testified that the defendant called her, and she testified the conversation was about a minute long, and then he asked if he could come over and if she needed anything. And she said, no, don't call me, don't talk to me. And the cop also testified that he looked at the defendant's phone, and the defendant's phone had two phone calls on there, one from the defendant to the victim, which was the first call, and one from the victim to the defendant, which was the second call. And the first call was about a minute long, and the second call was about five seconds long. And the cops and the witness, Ms. Davis, explained that the five-second long phone call was an inadvertent call and misdialed that accidentally happened, and she immediately hung up when it happened. But anyway, it doesn't matter whether she called the defendant or not because the evidence was sufficient to prove that he called her, which is a violation of the order of protection. And so any voicemail. It is a violation of the order of protection, but phone calls from the protected party to the defendant are often used to show that there was an invitation. It shouldn't have been an invitation, but there was, that goes to the credibility of the protected party. So why wouldn't that be important here? Well, that wouldn't be important here because the evidence was clear and decisive that he called the victim, and that's a violation of the order of protection regardless of what she did, regardless of whether there was an invitation or not. He did violate the order of protection, and there's no exception within the statute for any sort of invitation. What about, we don't know what's outside the record or what counsel may have explored with the defendant, but what about the theory that he was there to pay child support and it was something in those phone conversations? So it would go to not maybe the first count, but perhaps, there were two counts, correct? Correct. There's one count that was for calling her and the second count for going to her house. Right, but even though he may have been in violation for the first count, if there's an invitation and she's saying I need the child support now, don't do it through my sister, bring it here. I mean, who knows what might have been there. Would that be a potential defense to violation of order of protection and necessity of defense? No, I do not believe so, not at all in this case, because there was testimony by Davis that she said don't come over here, I don't need child support, and there was a setup between where he was supposed to pay child support to her sister and then the sister was supposed to give it to her, and that was clear in order of protection. He was not to contact her, so he went over there, was found by the police officer, and any reason he gave would not present a defense to violating order of protection where there's no exception in the statute. Would that have been evidence favorable to the defendant to present that at trial? Let me ask you this, would that have been relevant evidence? If you were the trial judge, do you let that in? If, in fact, the victim called the defendant and said come over, the defendant didn't call, or the victim called the defendant and said call me back, that was the 5-second call, and the defendant called her back, and then on that phone conversation she said come over, I need the child support today because I have a bill to pay, would that evidence be relevant to these proceedings, or would you as a trial judge find that to be irrelevant to striking? Well, Your Honor, the phone call order was first defendant, second victim, so there was no evidence that the victim first called the defendant, although evidence was the defendant called the victim first. So any of that evidence that could have been presented by the two witnesses would not have been relevant because it would have been contradicted by the cop's testimony as well as the victim's testimony. This is exactly the argument that the defense attorney made when this inquiry was going on. Based upon what he told me, it wasn't going to do any good. Doesn't a defense attorney have more of a responsibility to at least talk to those people and figure out what exactly they would say? Well, in this case, it was a matter of trial strategy for him to determine that these two witnesses were not relevant to the trial and would not have been an effective way to present. But how could she do that if she never spoke to them? She did this based on her conversations with the defendant, and I believe the case that the defendant cites too truly is distinguishable as well from the circumstance because truly the defense counsel failed to investigate a claim annulled by defense where the defendant was hospitalized and that there could have been people who testified to his hospitalization. I can hear that these two witnesses would not have exonerated him from the offense. It is evident from the trial that he went to her house and he called her, and there's no defense that would have made him found not guilty of those two. What if he called her in response to one of the kids visiting with one of the kids who said, oh, Mom wants you to call, and one of the witnesses heard that conversation? Again, that wouldn't matter because under the statute it's a strict liability offense. It does not matter the reason why the defendant called the victim. He's not allowed to according to order of protection, and that's what has to happen. And as far as the other claims that the defendant makes when you review the record, it's evident that there was no need for an evidentiary hearing on these claims because the defendant didn't present a culpable claim. Well, in fact, what we had here was an evidentiary hearing, wasn't it, where the defense said, the defense counsel said, this is why I did this, and then the state jumps in and says, and she was right to do it that way because nothing was going to be accomplished by that. If not an evidentiary hearing, didn't we have an adversarial hearing where it was two against one, two attorneys against the defendant? Well, in this case, there was only a couple times that the state jumped in. They didn't jump in on every single one of the defendant's claims. And in addition, trial counsel is permitted at Krinkle hearings to present a minimal. Shouldn't trial counsel be invited to do that rather than just, as both of you have used the term, jumping in? I don't recall the trial court ever saying to the state, oh, by the way, what do you have to say about this? I wouldn't be able to say definitively from the record whether it happened. I'd have to review it, and I can further brief. The judge did look to the state and said, state, do you have a response in a couple of points? I believe that is correct, Justice Burkett. And regardless of that, if you look at what happened at the hearing, this can be determined to be harmless error because none of the claims that defendant made present a culpable claim of ineffective assistance of counsel. And this court does not need to remand it for another hearing where we can look at the evidence presented and see that there's no need. And if you look at the jury claim that the defendant wanted juror 343 to be excused, this was a matter of trial strategy. And the defense counsel chose to keep juror 343 on due to an argument that was about to happen between him and the defendant in front of the jury. And his understanding was that the defendant wanted juror 343 on. And the other claim that for a cross-examination of Davis, the bad answer that counsel received does not equate to ineffective assistance of counsel. And if this court does find that this was error and it has to be remanded pursuant to fields, then we should remand this for a preliminary inquiry and not a full-blown evidentiary hearing. Before a different judge? Whatever your honors. Should we ask that the state stay out of the room for the initial, so they don't talk? I know how hard it is to keep somebody muzzled, but the state has to be out. No participation. Right. The only participation I believe is allowed is verifiable facts, like if it's a quick, this. What did the order say? Pardon? For example, what does the order say or what page of the record is that at? Right. Other than that, the state should not play any role. Right. So here, where the trial court examined the factual matters and could have easily found defendant's allegations meritless, this court should affirm. Is this analogous to a post-conviction petition, where if the state gets involved, we have to remand it for second-stage proceedings? I think it's distinguishable because at a first stage, the state's not allowed to have any participation whatsoever. And here, the state can have a minimal participation. And you can look at the preliminary hearing and determine there was no need for an evidentiary hearing. So I think it's distinguishable from the first stage. If there are no further questions. Thank you. Thank you, Counsel. Ms. Arizo, you may proceed. Just a quick couple of factual things I wanted to make clear. The voicemail that Mr. Bustep won't admit it was not in the record. And the reason why was because he said that his defense attorney never made it into the, put it into the record and didn't present it. And that's why it's not in the record, which is, again, part of his argument of ineffective assistance with counsel. Where would that voicemail have come from? How could it have been acquired? I assume it was a voicemail off of his phone from her calling him. But I really don't know because, like I said, it's not in the record and it's not explicit. But based upon the timeline that we have of the two phone calls, it is likely it didn't happen on the same day, correct? It could have happened earlier that day. I really, I have no idea what day it was from. Do we have any idea when the police officer looked at the phone, did that police officer just look at the time that was at issue or did, I think that was a he. Did he do a sweep of that particular phone record? Yeah, I seem to remember him saying there was not any prior log on the phone, that it was a new phone or something. Like he thought it was a new phone, there wasn't any prior history. But again, the testimony was so quick about that topic and there was no records put forth or anything like that for us to look at. Regarding the state's claim that the failure to call the witnesses was trial strategy, again, I would just argue that it couldn't be trial strategy because it was not an informed decision because she didn't speak to these people at all. She had no idea actually what they would say, what they heard, what they would testify to. Could it form a defense though? I mean, counsel's argument is that defense counsel listened to the defendant and basically said, well, what you're telling me is that even if this person called and they were witnesses to that call, you still called and you still went over, so it's really not a defense. Well, I think that she still needed to talk to these witnesses and figure out the whole picture. Perhaps maybe they would have said that the wife called him, which would have gone to the credibility of both the police officer and the ex-wife as to whether or not he called her. And I don't think that they would have had any say as to whether he called her. I mean, yes, whether or not he went there, they had nothing to offer to that count as to whether or not he went to the house. This would be strictly for this phone call count. And finally, the juror claim, again, although the defense counsel did state that it was Mr. Booth who wanted this witness, I'm sorry, again, this juror on the jury, Mr. Booth was not allowed to respond to that comment, so we have no idea if that's true or not. Are there any further questions? Okay. Thank you. No. I would like to thank the attorneys for their arguments today. The case will be taken under advisement.